86h 103
f 64ad560

CLARA WHITEMAN GIBBS, as Administratrix, etc., of REUBEN
   WHITEMAN, Deceased, Appellant, *v.* THE FLOUR CITY NATIONAL
   BANK of Rochester, and Another, Respondents, Impleaded with
   Others.

*Insurance policy — transfer of, by an executor — application of the consideration therefor — when the transfer cannot be set aside for fraud — extension of credit, a good consideration.*

When an insurance policy on the life of another forms part of the assets of the estate of a decedent, the executors have the right to sell and assign the same. The sale thereof, when not in contravention of the trust which they hold, is a step in its execution, and it does not devolve upon the purchaser to see to it that the consideration is applied to the purposes of the trust; neither is it incumbent upon the company issuing such policy of insurance to inquire as to whether or not the executors are doing their duty in reference to the consideration when they make the transfer of the policy.

When a proper formal assignment from the executors is presented to the insurance company, and there are no facts to create suspicion and put it upon inquiry, the company has the right to rely upon the apparent legality of that document, and the executors and all persons represented by them are estopped from questioning it to the prejudice of the insurance company.

The transfer of a policy of life insurance cannot be set aside because of a fraud committed against the estate of the person who owned it, in its transfer by his executors without a good consideration, as against one who has acquired the policy in good faith from the owner.

An extension of the term of credit on a past due debt is a good consideration to support a new contract.

APPEAL by the plaintiff, Clara Whiteman Gibbs, as administratrix, etc., of Reuben Whiteman, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Livingston on the 22d day of August, 1894, upon the decision of the court rendered at the Livingston Special Term, dismissing the plaintiff's complaint upon the merits.

*Scott & Reed,* for the appellant.

*Joseph S. Hunn,* for The Flour City National Bank, respondent.

*John R. Strang,* for The Equitable Life Assurance Society, respondent.

Present — DWIGHT, P. J., LEWIS and BRADLEY, JJ.

Judgment affirmed on opinion of YEOMAN, J., at Special Term.

The opinion of the Special Term was as follows :
YEOMAN, J. :

Among the assets of the estate of Reuben Whiteman, deceased, was a policy of insurance issued by the defendant, The Equitable Life Assurance Society of the United States, upon the life of his wife, payable to him. His widow and son were appointed his executors. While holding this office the widow, as executrix, made a formal assignment of this policy to the wife of the son. Thereafter the assignee surrendered the policy to the company and received in return a like policy on the same life, payable to herself. At that time she was indebted to the defendant, The Flour City National Bank of Rochester, upon her note indorsed by her husband. The note became due and the bank declined to renew it without further security. She then, to procure the renewal, offered to assign this policy as collateral for that debt, which offer was accepted. The note was renewed, and shortly thereafter the policy was assigned as collateral. Thereafter the note was renewed several times, relying upon such collateral. After these transactions the executors were removed and this plaintiff appointed administratrix with the will annexed. She asks for a judgment canceling the second policy, reinstating the first one and adjudging that she owns it as part of the assets of the estate which she represents. Whether

or not anything was paid to the executors for the assignment is a disputed question in this case. Let us assume that no consideration was paid.

It is not claimed that the insurance company is chargeable with any actual notice of any defect in the title of the assignee of the executors, nor that the bank had actual knowledge that there was any defect in her title to the policy which it received, or that its ownership by her was in any manner connected with the estate of the deceased. The plaintiff claims that she has a right to have the first policy reinstated, even if there is no right to cancel the second policy. She attempts to invoke the rules of law which govern the grantees of trust property when the grant is in contravention of the trust and the grantee has knowledge of the trust. These rules are not applicable here. It is true that the insurance company knew that the policy was a part of the assets in the hands of these executors. It was, however, their right to sell and assign it. The sale was not in contravention of the trust which they held, but a step in its execution. It did not devolve upon even the purchaser to see to it that the consideration was applied to the purposes of the trust, much less was it incumbent upon this company to inquire as to whether or not the executors were doing their duty with reference to the consideration when they made the transfer. When a proper formal assignment from them was presented to the insurance company, and there were no facts to create suspicion and so put it upon inquiry, it had a right to rely upon the legality of that document, and the executors and all persons represented by them are estopped from questioning it to the prejudice of the insurance company. The plaintiff, therefore, can get no relief as against that company, unless she can cancel the second policy. It is not claimed by the insurance company that it will be prejudiced by reinstating the first policy if the second is canceled.

If no consideration was paid for the assignment from the executors their assignee cannot hold the second policy as against their successor. Does the bank stand in any better position than she does? There was nothing to put the bank upon inquiry as to the character of the title of its assignor. That she had title is of course not questioned. The plaintiff claims the right to set that title aside

because of the fraud·on the estate in transferring the policy (as she claims) without a consideration. This she cannot do against one who acquired the property *bona fide* from the owner. In *Voorhis* v. *Olmstead* (66 N. Y. 116) the New York Warehouse and Security Company, one of the defendants, loaned money to Biddle & Co. upon their agreement to deliver as security warehouse receipts for cotton, for which they had contracted, but which they did not then own. Thereafter, the receipts were delivered. Biddle & Co. had not, in fact, acquired a valid title to the cotton and became insolvent in a few days. It was held that the pledgee could not support·its lien against the real owner, because, "had not the company obtained the warehouse receipts, they might have resorted to some process for the recovery of their loan or other indemnity against the loss. It was not necessary, in the present instance, for the pledgee of the property to show that a demand of the money loaned would certainly have resulted in its recovery. It is enough that its position was altered by relying on the evidence of title furnished to Biddle & Co. by the plaintiffs and abstaining from action." It has often been held that an extension of the term of credit upon a past due debt is a good consideration to support a new contract. I am of the opinion that the bank has a right to hold the policy. The complaint should be dismissed upon the merits.